IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SELECT INTERIOR CONCEPTS, INC. and ARCHITECTURAL GRANITE & MARBLE, LLC,** | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. **3:20-CV-295-L** |
| **PARMINDER PENTAL,** | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiffs' Motion for Default Judgment (Doc. 27), filed May 1, 2020; Defendant's Motion to Unseal Case (Doc. 19), filed April 6, 2020; and Defendant's Motion for Partial Dismissal (Doc. 11), filed March 20, 2020. For the reasons herein explained, the court **denies** Plaintiffs' Motion for Default Judgment (Doc. 27); **denies without prejudice** Defendant's Motion for Partial Dismissal (Doc. 11) in light of Plaintiffs' First Amended Complaint; **grants** Defendant's Motion to Unseal Case (Doc. 19); **vacates** its February 18, 2020 Order (Doc. 5) granting Plaintiffs' prior request to seal its pleadings; and **directs** the clerk of the court to **unseal** this case and all documents.

**I.    Motion for Default Judgment (Doc. 27)**

Plaintiffs moved for entry of default[1] and a default judgment against Defendant for failure to respond to their April 10, 2020 First Amended Complaint. The "entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.

---

[1] On May 4, 2020, the clerk of the court declined to enter default against Defendant as requested by Plaintiffs.

**Memorandum Opinion and Order - Page 1**

1977) (citation omitted). Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even [when] the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1996)).

As noted by Plaintiffs, Defendant has "made multiple timely filings in this case" since it was filed three months ago. Pl.'s Mot. 1 n.1. Specifically, Defendant made an appearance, filed a motion for partial dismissal that is pending, and filed an answer in which it asserted a number of counterclaims. Defendant also recently filed a motion to unseal the case. Accordingly, default judgment is not appropriate under the circumstances, as this is not a situation in which Defendant has indicated its intent to not defend against the claims asserted by the plaintiff. *See* Fed. R. Civ. P. 55(a). The court, therefore, **denies** Plaintiffs' Motion for Default Judgment (Doc. 27).

**II.     Motion for Partial Dismissal (Doc. 11)**

In light of Plaintiffs' First Amended Complaint (Doc. 23), filed April 10, 2020, and the Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 28), filed May 1, 2020, the court **denies without prejudice** Defendant's Motion for Partial Dismissal (Doc. 11).

**III.    Motion to Unseal Case (Doc. 19)**

**A.     The Parties' Contentions**

Defendant moved to unseal the case, contending that it should not have been sealed because Plaintiffs failed to establish that sealing the entire record or certain documents in this case is appropriate under applicable law. Defendant argues that, at most, Plaintiffs should only be allowed

**Memorandum Opinion and Order - Page 2**

to redact certain information in its pleadings. In addition, Defendant contends that its pleadings, including its counterclaims, should not be kept under seal.

Plaintiffs disagree and argue that the court's order granting its prior motion to seal shows that Plaintiffs met their burden. Plaintiffs, therefore, contend that Defendant's Motion to Unseal is an improper motion for reconsideration that Defendant waited weeks to file. Alternatively, Plaintiffs argue that, even if reconsideration is appropriate, they have shown that sealing the "record" is warranted because: (1) the parties' contract(s) reflect their agreement to maintain exchanged information confidential unless disclosure is required by law; (2) the claims asserted by Plaintiffs and Defendant all arise out of and pertain to confidential information and trade secrets; and (3) Defendant's Motion to Unseal is an attempt to avoid his obligations under the Purchase Agreement.

**B.     Discussion**

When they filed this action on February 6, 2020, Plaintiffs filed two motions in which they sought leave to file their Complaint and attachment(s) under seal: Plaintiffs' Motion for Leave to File Complaint Under Seal ("Original Motion") (Doc. 3) and Plaintiffs' Amended Motion for Leave to File Complaint and Corresponding Exhibit A Under Seal ("Amended Motion") (Doc. 4). In their Original Motion, Plaintiffs requested permission to file their Complaint under seal or, alternatively, to file a redacted version of their Complaint. In their Amended Motion, Plaintiffs sought permission to file their Complaint, as well as the Purchase Agreement and Employment Agreement that form the bases for their claims in this action, under seal on the same grounds asserted in their Original Motion.

At that time, service on Defendant had not yet been effected. Out of an abundance of caution, the court granted Plaintiffs' request to file their pleadings and the attachment(s) under seal

without addressing the merits of Plaintiffs' motions. Order (Doc. 5). The court notes, however, that Plaintiffs never previously requested, and the court never ordered, that the entire "record" be sealed as Plaintiffs now assert. Pls.' Resp. to Motion to Unseal 5. Regardless, as Defendant did not have an opportunity to respond to Plaintiffs' prior motions, the court now revisits its ruling on those motions and determines, for the reasons that follow, that the action and all documents filed should be unsealed.

## 1. Legal Standard and Procedure for Filing Documents Under Seal

"Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (citation omitted). As a result, there is a "presumption in favor of the public's access to judicial records." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 98 S. Ct. 1306, 1312 (1978), and *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). "Although the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). In determining whether to seal judicial records, "the court must balance the public's common law right of access against the interests favoring nondisclosure" and consider "relevant facts and circumstances of the particular case." *Van Waeyenberghe*, 990 F.2d at 848 (citing and quoting *Nixon*, 435 U.S. at 599). The "party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (citation omitted).

Regarding the procedure for filing of documents under seal, this district's Local Civil Rules provide:

    a.    A party may file under seal any document that a statute or rule requires or permits to be so filed. The term "document," as used in this rule, means any pleading, motion, other paper, or physical item that the Federal Rules of Civil Procedure permit or require to be filed.

    b.    If no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge.

          1.    When a party files on paper a motion for leave to file a document under seal, the clerk must file the motion under seal. The party must attach as an exhibit to the motion a copy of the document to be filed under seal. The party must also submit with the motion the original and a judge's copy of the document to be filed under seal. The original of the document must neither be physically attached to the motion nor made an exhibit to the motion. If leave to file the document under seal is granted, the clerk must file the original of the document under seal.

          2.    When a party files by electronic means a motion for leave to file a document under seal, the party may file the motion under seal and must attach the proposed sealed document as an exhibit. If leave is granted, the sealed document will be deemed filed as of the date of the order granting leave, or as otherwise specified by the presiding judge, and the clerk will file a copy of the sealed document.

L.R. 79.3.

    **2.**    **Analysis**

As the party seeking to seal and maintain under seal certain documents, Plaintiffs had and continue to have the burden of overcoming the strong presumption in favor of public access by coming forward with "sufficiently compelling reasons" to justify overriding the public policy favoring disclosure. *Apple Inc.*, 727 F.3d at 1221 (citation omitted). In an effort to meet that burden, Plaintiffs previously argued that placing their Complaint, the Employment Agreement, and

Purchase Agreement under seal was appropriate and warranted because: (1) the Purchase Agreement includes confidential information such as "purchase price, bank account information, bank statements, closing and Escrow information"; (2) the Purchase Agreement includes language reflecting the parties' agreement and intent to keep its contents confidential; (3) "the need to protect the confidential nature of the Purchase Agreement far outweighs the public need to see it, and public disclosure of the Purchase Agreement "could potentially . . . unfairly advantage Plaintiffs' business competitors in future transactions as it would reveal Plaintiffs' methods for evaluating assets as well as Plaintiffs' strategy for continued growth"; and (4) the Employment Agreement entered into between the parties "delineat[es] the confidential terms of Defendant's employment with Plaintiffs," and "the need to protect the confidential terms of Defendant's employment with Plaintiffs, including but not limited to his compensation and benefits, outweighs any interest the public may have in obtaining this information." Pls.' Mots. 1-4 (Docs. 3, 4). Plaintiffs essentially rely on the same grounds now in arguing that the entire "record" should remain sealed.

      Plaintiffs appropriately moved for leave, as no statute or rule requires or permitted these documents to be filed under seal. Plaintiffs, however, did not comply with Local Rule 79.3, which requires the movant to attach as exhibits all documents sought to be filed under seal. Instead, Plaintiffs filed their Complaint and then proceeded to file their motions for leave without attaching any documents to either motion. Although no copies of the Complaint or Employment Agreement were attached as exhibits to Plaintiffs' motions, the court was able to review both because, as noted, Plaintiffs previously filed their Complaint and attached a copy of the Employment Agreement to the Complaint. No copy of the Purchase Agreement, however, was attached as an exhibit to Plaintiffs' motions or their Complaint, and, in reviewing the record in this case, it appears that no copy of the

**Memorandum Opinion and Order - Page 6**

Purchase Agreement has been filed to date or provided to the court. Moreover, Plaintiffs' reasons for wanting to place the three documents under seal are conclusory and insufficient to overcome the strong presumption of public access. Agreement of the parties to keep private the terms of their agreement does not, without more, justify denying public access to the Purchase Agreement, Employment Agreement, or any other document at issue in this litigation.

Plaintiffs also assert that the Purchase Agreement includes confidential information such as "purchase price, bank account information, bank statements, closing and Escrow information" and that disclosure of this information and the contents of the confidential agreement "*could potentially*" give competitors an unfair advantage if made public. Pls.' Mot. 3 (emphasis added). Public disclosure of information such as trade secrets that will cause competitive harm to a business is a factor that weighs in favor of sealing documents containing such information. *Apple Inc.*, 727 F.3d at 1221. Plaintiffs allege in their Original and First Amended Complaints that this action concerns the alleged theft by Defendant of valuable "confidential information and trade secrets," and they assert claims for breach of the Purchase Agreement and Employment Agreement, breach of fiduciary duty, and violation of the Texas Theft Liability Act. Plaintiffs did not, though, maintain in their prior Amended Motion that any of the documents they sought to file under seal included trade secrets. Plaintiffs now assert that their pleadings are replete with references to "confidential information and trade secrets." Pls.' Resp. to Motion to Unseal 7. While Plaintiffs allege in their Original and Amended Complaint that Defendant stole "confidential information and trade secrets," and they allude in their pleadings to the types of information allegedly stolen, the specific information that Plaintiffs contend is confidential and a trade secret is not included in their

**Memorandum Opinion and Order - Page 7**

pleadings. Plaintiffs' pleadings in this regard are so vague that the court could not even ascertain the nature of Plaintiffs' business from reviewing their Original and First Amended Complaints.

Additionally, Plaintiffs' contention that disclosure of "purchase price, bank account information, bank statements, closing and Escrow information" and other unspecified information in the Purchase Agreement "*could potentially* . . . unfairly advantage Plaintiffs' business competitors in future transactions as it would reveal Plaintiffs' methods for evaluating assets as well as Plaintiffs' strategy for continued growth"[2] is far too vague and speculative, and bank account numbers and similarly sensitive information can be redacted without the need to maintain under seal an entire pleading, agreement, or the case. The court, however, was unable to find any bank account information in the documents filed to date. Plaintiffs' assertion that, "in reality, there can be no public interest" in the Purchase Agreement or business transaction that occurred three years ago, also undercuts their contention regarding the need to file the Purchase Agreement or their Original or First Amended Complaints that contain information regarding the terms of the agreement under seal to protect against giving competitors an unfair advantage. Pls.' Orig. Mot. 4. Regardless, the court has no way of confirming whether the Purchase Agreement includes any information that would justify placing it under seal because, as noted, it was not attached to Plaintiffs' Amended Motion and is not before the court.

Having reviewed the Original and First Amended Complaints and Employment Agreement, the court also determines that these documents do not include any information that would necessitate their being filed under seal. Plaintiffs' pleadings refer to and quote certain information in the Purchase Agreement and Employment Agreement, but the information consists only of standard

---

[2] Pls.' Mots. 1-4 (Docs. 3, 4) (emphasis added).

**Memorandum Opinion and Order - Page 8**

contract terms that would commonly be included in purchase and employment agreements. Plaintiffs also fail to provide a justifiable reason for maintaining information under seal regarding the terms of Defendant's employment, including compensation and benefits, that would outweigh any interest the public may have in this information. Thus, Plaintiffs have not complied with Local Civil Rule 79.3 or met their burden of overcoming the strong presumption in favor of public access to judicial records with respect to the entire record in this case or three specific documents at issue. The court has also determined that none of the information in the Original or First Amended Complaints or Employment Agreement qualifies as proprietary or information that would cause competitive harm to Plaintiffs' business if disclosed, and information, such as bank account numbers that is included in any documents filed in the future, can be redacted. Accordingly, the court **vacates** its prior order (Doc. 5) in which it granted Plaintiffs' request to seal certain documents, and **grants** Defendant's Motion to Unseal Case (Doc. 19).

## IV. Conclusion

For the reasons stated, the court **denies** Plaintiffs' Motion for Default Judgment (Doc. 27); **denies without prejudice** Defendant's Motion for Partial Dismissal (Doc. 11) in light of Plaintiffs' First Amended Complaint; **grants** Defendant's Motion to Unseal Case (Doc. 19); **vacates** its February 18, 2020 Order (Doc. 5); and **directs** the clerk of the court to **unseal** this case and all filed documents. Moving forward, all documents filed in this case by the parties **shall** be filed electronically[3] and in a searchable electronic format, that is, a searchable PDF, unless the document being filed is not capable of being filed in an electronic format that is searchable. Proceeding in this manner will save time and scarce judicial resources.

---

[3] *See* L.R. 5.1(e).

**Memorandum Opinion and Order - Page 9**

**It is so ordered** this 5th day of May, 2020.

                                                  Sam A. Lindsay
                                                  United States District Judge