IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SELECT INTERIOR CONCEPTS, INC.** and **ARCHITECTURAL GRANITE & MARBLE, LLC**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:20-CV-295-L** |
| **PARMINDER PENTAL**, | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Partial Dismissal of Plaintiffs' First Amended Complaint ("Motion") (Doc. 28), filed May 1, 2020. After considering the Motion, briefs, pleadings, and applicable law, the court, for the reasons herein explained, **denies without prejudice** Defendant's Motion (Doc. 28) and will allow Plaintiffs another opportunity to amend their pleadings to cure the defects noted in Defendant's Motion and Reply briefs.

**I.      Factual and Procedural Background**

Select Interior Concepts, Inc. ("SIC") and Architectural Granite & Marble, LLC ("AGM") (collectively, "Plaintiffs") brought this action against Parminder Pental ("Mr. Pental" or "Defendant") on February 6, 2020. In their First Amended Complaint, which was filed April 10, 2020, Plaintiffs assert causes of action under Texas law for breach of a Purchase Agreement (Count 1), breach of an Employment Agreement (Count 2), breach of fiduciary duties (Count 3), and alleged misappropriation of trade secrets in violation of the Texas Uniform Trade Secrets Act ("TUTSA") (Count 4). On May 1, 2020, Defendant filed his Motion for partial dismissal under Federal Rule of Civil Procedure 12(b)(6). In his Motion, Mr. Pental seeks dismissal of Plaintiffs'

causes of action in Count 2 (only as to SIC), Count 3, and Count 4. Briefing on the Motion was complete on June 4, 2020.

Mr. Pental contends that these claims by Plaintiff should be dismissed because: (1) they are not adequately pleaded and in, some instances, are supported only by conclusory allegations; (2) Plaintiffs waived any issue regarding standing by not addressing his standing argument as to Count 2 against SIC; and (3) Plaintiffs' contentions regarding facts not pleaded in their First Amended Complaint are insufficient to survive dismissal. Mr. Pental further contends that these claims should be dismissed with prejudice because Plaintiffs have not requested to amend their pleadings, and any attempt at amendment would be futile.

Plaintiffs respond that their claims satisfy Rule 8's pleading standard. They contend that dismissal at this early stage is premature and inappropriate because "discovery has occurred in this case." Pl.'s Resp. 7; *see also* Pl.'s Resp. 1, 8, 11, 13. Plaintiffs also argue that Defendant's Motion raises improper summary judgment-type issues for which a "factual dispute exists." *Id*. at 1 & n.1.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual

allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631

**Memorandum Opinion and Order – Page 3**

F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.   Analysis**

    **A.   Law Applicable to Plaintiffs' Claims**

        **1.   Breach of Contract**

The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (applying Texas law and citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. Civ. App.—Houston [1st Dist.] 2001, no pet.)).

        **2.   Breach of Fiduciary Duty**

Under Texas law, "[t]he elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant*.*" *Belliveau v. Barco, Inc*., 987 F.3d 122, 132 & n.9 (5th Cir. 2021) (citations omitted). The existence of "[a] fiduciary relationship . . . is a *sine qua non* of a breach of fiduciary duty claim." *Id.* (footnote omitted).

        **3.   Trade Secret Misappropriation**

Plaintiffs' statutory trade secret misappropriation claim under Texas law is governed by TUTSA. "TUTSA was enacted in 2013 'to make uniform the law with respect to the subject of this chapter among states enacting it.'" *Snowhite Textile & Furnishings, Inc. v. Innvision Hosp., Inc*., No. 05-18-01447-CV, 2020 WL 7332677, at *4 (Tex. Civ. App.—Dallas Dec. 14, 2020, no pet. h.) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 134A.008) (case citation omitted).

TUTSA defines "[t]rade secret" as:

all forms and types of information, including business, scientific, technical, economic, or engineering information, and any formula, design, prototype, pattern, plan, compilation, program device, program, code, device, method, technique, process, procedure, financial data, or list of actual or potential customers or suppliers, whether tangible or intangible and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if:

> (A) the owner of the trade secret has taken reasonable measures under the circumstances to keep the information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

Tex. Civ. Prac. & Rem. Code Ann. § 134A.002(6). Subsection 134A.002(3) defines "[m]isappropriation" as:

(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(B) disclosure or use of a trade secret of another without express or implied consent by a person who:

> (i) used improper means to acquire knowledge of the trade secret;
>
> (ii) at the time of disclosure or use, knew or had reason to know that the person's knowledge of the trade secret was:
>
> > (a) derived from or through a person who used improper means to acquire the trade secret;
> >
> > (b) acquired under circumstances giving rise to a duty to maintain the secrecy of or limit the use of the trade secret; or
> >
> > (c) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of or limit the use of the trade secret; or

>   (iii) before a material change of the position of the person, knew or had reason to know that the trade secret was a trade secret and that knowledge of the trade secret had been acquired by accident or mistake.

*Id*. § 134A.002(3).

Under TUTSA, the elements of trade secret misappropriation are: "(i) a trade secret existed; (ii) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; (iii) the trade secret was used without authorization; and (iv) the trade secret owner suffered damages as a result." *Snowhite Textile & Furnishings, Inc.*, 2020 WL 7332677, at *4 (citing Civ. Prac. & Rem. §§ 134A.002(1),(3),(6)) (case citations omitted). A plaintiff must allege that it suffered "an injury caused by the alleged misappropriation" when damages are sought. *EJ Madison, LLC v. Pro-Tech Diesel, Inc.*, 594 S.W.3d 632, 644 (Tex. Civ. App.—El Paso 2019, no pet.). "TUTSA defines damages as 'actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code Ann. § 134A.004(a)). Section 134A.004 further provides:

>   In addition to or in lieu of injunctive relief, a claimant is entitled to recover damages for misappropriation. Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.

*Id.* § 134A.004(a). "Actual or threatened misappropriation may be enjoined if the [injunction] order does not prohibit a person from using general knowledge, skill, and experience that person acquired during employment." *Id.* § 134A.003(a).

**Memorandum Opinion and Order – Page 7**

### B. Discussion

The court agrees with Defendant that Plaintiffs' claims are not sufficiently pleaded for many of the reasons urged in his Motion and reply briefs. Contrary to Plaintiffs' argument, discovery need not be conducted or complete before a party moves for dismissal under Rule 12(b)(6), and Defendant's Motion does not contend that Plaintiffs do not have evidence to support their claims. Instead, Defendant, through his detailed factual and legal analysis, argues that Plaintiffs' claims, as currently set forth in their First Amended Complaint, are not adequately pleaded and fail for a number of factual and legal reasons. Defendant also correctly notes that Plaintiffs cannot urge matters in response to Defendant's Motion that are not included in their First Amended Complaint, as the court is limited to the pleadings in ruling on a motion under Rule 12(b)(6). Additionally, Plaintiffs did not address Defendant's legal argument regarding standing with respect to Count 2, as it pertains to SIC.

Instead of dismissing Plaintiffs' claims at issue in Defendant's Motion, based on waiver and failure to state claims upon which relief can be granted, the court will allow Plaintiffs to further amend their pleadings as to these claims.[*] Although Plaintiffs did not request to further amend, they have only previously amended their pleadings once before as a matter of course, and it is not clear whether further amendment would be futile. Additionally, no scheduling order has been entered, and there is no indication that Defendant will suffer any undue prejudice if Plaintiffs are

---

[*] Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

allowed to further amend. Accordingly, the court will dismiss without prejudice Defendant's Motion and set a deadline for Plaintiffs to amend their pleadings.

### IV. Conclusion

For the reasons explained, the court **denies without prejudice** Defendant's Motion (Doc. 28) and will allow Plaintiffs another opportunity to amend their pleadings to cure the defects noted in Defendant's Motion and Reply briefs. Any second amended complaint by Plaintiffs must be filed by **March 29, 2021**, and be limited to the claims previously asserted. *If Plaintiffs wish to amend their pleadings to assert new or additional claims, they must first seek and obtain leave of court. Failure to file a second amended complaint by March 29, 2021, will result in dismissal of Plaintiffs' claims in Count 2 (as to SIC), Count 3, and Count 4 under Rule 12(b)(6) for failure to state claims upon which relief can be granted.*

**It is so ordered** this 14th day of March, 2021.

Sam A. Lindsay
United States District Judge