IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARCHITECTURAL GRANITE & MARBLE, LLC,<br>    PLAINTIFF/COUNTER-DEFENDANT<br><br>AND<br><br>SELECT INTERIOR CONCEPTS, INC.,<br>    COUNTER-DEFENDANT,<br><br>V.<br><br>PARMINDER PENTAL,<br>    DEFENDANT/COUNTER-PLAINTIFF. | CIVIL CASE NO. 3:20-CV-295-L-BK |

## ORDER

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Orders of Reference*, before the Court for determination are several discovery-related motions.[1] For the reasons stated on the record at the hearing held on May 25, 2022:

(1) Plaintiff's *Motion to Quash Defendant's Third Party Subpoenas to CNM LLP, Sycamore Valuation, Grant Thornton LLP, Gordon Brothers Asset Advisors LLC, and SCA Transaction Services LLC*, Doc. 69; Plaintiff's *Motion for Protective Order and to Quash Defendant's Third Party Deposition Subpoena to Grant Thornton LLP*, Doc. 91, and *Defendant's Motion to Compel Third Party Deposition Subpoena of Grant Thornton LLP*, Doc. 98, are **DENIED WITHOUT PREJUDICE** as the motions were not filed in the district where compliance is required. *See* FED. R. CIV. P. 45(c)(2), (d)(1), (d)(3)(A).

(2) The Company's *Motion for Protective Order*, Doc. 114, is **DENIED AS MOOT** as the deposition in question occurred before movants filed the motion.

(3) Defendant's *Motion for Sanctions*, Doc. 118, is **DENIED**.

(4) The Company's *Motion for Spoliation of Evidence*, Doc. 122, is **DENIED**.

---

[1] For ease of reference, Plaintiff and Counter-Defendant will be collectively referred to as "the Company."

The Company's *Motion for Partial Reconsideration of Order Granting Motion to Compel and Awarding Fees*, Doc. 104, warrants some discussion. The Company argues in its motion that Defendant cannot use the so-called Bedrock documents to establish a post-hoc retaliation claim and, thus, the requested documents are irrelevant. Doc. 104 at 6-7. Even accepting this argument, however, production of responsive information is warranted in this instance. Specifically, although the Company raised a number of objections to the discovery requests in question, it nevertheless produced a trove of responsive documents. *See* Doc. 68-2 at 5-8, 22-23 (RFP 3: "Subject to the foregoing objections, the Company has produced responsive documents" and, in their supplemental response, "the Company states that it is not withholding non-privileged, responsive documents."; RFP 8: "In further response, the Company states that has [sic] produced responsive documents. The Company it [sic] is not withholding non-privileged, responsive documents."; RFP 9: "In further response, the Company has produced responsive documents for the time period of May 1, 2016 to present. Subject to this temporal scope, the Company states that it is not withholding non-privileged, responsive documents."; Interrogatory 4: "In further response, the Company has produced responsive documents in lieu of a written response. The Company is not withholding non-privileged, responsive documents.").

Indeed, the parties' correspondence confirms that the Company has produced thousands of documents related to the Bedrock transaction. *See* Doc. 68-2 at 164 (11/8/2021 letter from counsel for the Company stating they have "already produced approximately 10,293 documents, which are mostly related to the Bedrock Sale" and "continued to produce more documents."); Doc. 68-2 at 149-50 (1/18/2022 letter from counsel for the Company stating they "agreed to, and already produced, thousands of pages of documents related to Bedrock, the sale of product to Bedrock, and the Bedrock acquisition."). The Company cannot selectively respond to discovery

requests by cherry-picking the documents they wish to produce and then assert that other, potentially responsive documents are irrelevant. *Cf. Varel v. Banc One Cap. Ptrs., Inc.*, No. CA3:93-CV-1614-R, 1997 WL 86457, at *3 (N.D. Tex. Feb. 25, 1997 (Boyle, J.) ("[C]ourts treat any disclosure of confidential information as a waiver of the attorney-client privilege as to all communications relating to the same subject matter.").

At the hearing held in this matter, the parties further disputed the Company's ability to generate targeted reports from its Phocas and SPS databases. Defendant's evidence, however, appears to show the databases are readily searchable and can generate individualized reports. *See* Doc. 111 & attached exhibits. What's more, the Company's IT Process Improvement Manager averred that both sales reports and purchase order detail reports could be exported from Phocas and/or SPS. Doc. 104-4 (Decl. of Adriana Chavez). There is no apparent basis for the Company to thereafter concatenate or cross-check the reports as Chavez suggests.

For these same reasons explained supra, the Company's *Motion for Partial Reconsideration of Order Granting Motion to Compel and Awarding Fees*, Doc. 104, is **DENIED**.[2] The Court will address Defendant's *Motion for Attorneys' Fees*, Doc. 109, in due course.

**SO ORDERED** on June 1, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court further notes that the Company failed to confer with Defendant before filing the motion, in violation of N.D. Tex. Local Rule 7.1(e), which constitutes additional grounds for denial of the motion. *See Garcia v. FTS Int'l Serv., LLC*, No. 4:15-CV-963-Y, 2018 WL 4076486, at *1 (N.D. Tex. June 8, 2018) (upholding denial of motion to decertify class due to defendant's failure to include a certificate of conference).