IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARCHITECTURAL GRANITE & MARBLE, LLC,** | § § § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| v. | § § | Civil Action No. **3:20-CV-295-L** |
| **PARMINDER PENTAL,** | § § § | |
| Defendant and Counterclaimant, | § § | |
| v. | § § | |
| **SELECT INTERIOR CONCEPTS, INC.,** | § § § | |
| Counter-Defendant.[1] | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the "Objection to Magistrate Judge's Order[s] Granting An Award of Attorneys' Fees (ECF Nos. 109 & 150)" ("Objection") (Doc. 170), filed by "Plaintiff/Counter-Defendant Architectural Granite & Marble, LLC and Counter-Defendant Select Interior Concepts, Inc. (collectively "the Company")" on June 15, 2022.[2] For the reasons that follow, the court **overrules** the Company's Objection (Doc. 170) and **affirms** the magistrate judge's orders (Docs.

---

[1] In the Second Amended Complaint (Doc. 40), filed on March 29, 2021, Select Interior Concepts, Inc. ("SIC") is no longer included in the case caption or identified as a plaintiff in this case. Instead, the Second Amended Complaint refers to Architectural Granite & Marble, LLC ("AGM") as the "the Company" and sole "Plaintiff" in this action. Apparently recognizing that SIC cannot avoid potential liability for the retaliation counterclaim previously asserted against it by Defendant Parminder Pental (*see* Docs. 10, 37), SIC has continued to participate in the proceedings in this case as a "Counter-Defendant" with respect to Defendant's retaliation counterclaim. The court prefers to avoid the use of terms like "Counter-Defendant" and "Counter-Plaintiff" in identifying the parties because it can become confusing; however, under the circumstances, it refers to SIC as "Counter-Defendant" in the case caption so that it is clear that SIC remains a party to this action, even though it is no longer seeking relief as a plaintiff against Defendant Pental. For purposes of clarity, the case caption also refers to AGM as "Plaintiff and Counter-Defendant," and Mr. Pental as "Defendant and Counterclaimaint," as Mr. Pental has also asserted counterclaims against AGM.

[2] The Objection refers to AGM and SIC collectively as "the Company." The magistrate judge's order (Doc. 170) likewise refers to both entities as "the Company." For consistency purposes, the undersigned similarly uses the term "the Company" in this order.

**Memorandum Opinion and Order – Page 1**

94, 150), dated April 11, 2022, and June 1, 2022, which granted in part Defendant's Motion to Compel Discovery Responses and for Attorneys' Fees and Costs ("Motion" or "Motion to Compel") (Doc. 68), and denied the Company's Motion for Partial Reconsideration of Order Granting Motion to Compel and Awarding Fees ("Motion to Reconsider" or "Motion for Partial Reconsideration") (Doc. 104). The court also **denies** the Company's Motion for Leave to File Reply in Support of Objection (Doc. 202), filed July 20, 2022, as the reason provided for seeking to file the reply would not change the court's ruling regarding the Objection.

The Company summarizes its Objection, which it makes pursuant to Federal Rule of Civil Procedure 72, as follows:

> The Company objects to Magistrate Judge Toliver's award of attorneys' fees and the subsequent denial of the Company's Motion for Partial Reconsideration as to the award. (ECF Nos. 109 and 150). To date, Magistrate Judge Toliver has not made the requisite finding that the Company acted in bad faith or that the Company's objections to [Defendant's] Motion to Compel were not substantially justified. Here, the record clearly establishes that the Company, in good faith, opposed [Defendant's] discovery requests, based on its reasonable reading of Fifth Circuit precedent as well as the requirements of the Federal Rules of Civil Procedure. As such, the Company's objections were substantially justified, and respectfully, an award of attorneys' fees was not warranted.

Company's Obj. 1-2 (footnote omitted).

I. **Applicable Standard of Review**

A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This highly deferential standard requires the court to affirm the decision of the magistrate judge, unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948). As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

**Memorandum Opinion and Order – Page 2**

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his or her] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id.* at *2 (citations and internal quotations marks omitted).

Defendant's Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii) and (iv), which is the subject of the magistrate judge's orders and the Company's Objection, is clearly a pretrial matter pertaining to discovery. The magistrate judge thus had authority under 28 U.S.C. § 636(b)(1)(A) to grant Defendant's discovery Motion and related request for attorney's fees in accordance with Rule 37(a)(5)(A).[3]

## II.   Discussion

After considering the Objection, the parties' briefs, evidence, the magistrate judge's orders, the file, and record, the court **concludes** that the magistrate judge's orders are not clearly erroneous or contrary to law.

### A.   Objection as to Lack of Bad Faith and Substantial Justification Findings

The magistrate judge's April 11, 2022 order sets forth the applicable standard for the award of attorney's fees under Rule 37(a)(5)(A), which states:

(5) Payment of Expenses; Protective Orders.

---

[3] In this case, the magistrate judge determined that Defendant is entitled to an award of attorney's fees under Rule 37(a)(5)(A). The issue of how much should be awarded, however, is the subject of another pending motion by Defendant (Doc. 109) that was filed on May 1, 2022, within the time provided by the magistrate judge's April 11, 2022 order. Although this motion is referenced in the Company's objections, it has not yet been ruled on by the magistrate judge. This order, therefore, focuses on the magistrate judge's rulings as to Defendant's entitlement to attorney's fees under Rule 37, not any amount that may be awarded in the future.

**Memorandum Opinion and Order – Page 3**

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).
>
> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A); *see also Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981) ("[T]he award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery . . . unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.")  (internal citations and quotations omitted).

As indicated, the Company contends that the magistrate judge's April 11, 2022 order does not include "the requisite finding that the Company acted in bad faith or that the Company's objections to [Defendant's] Motion to Compel were not substantially justified." The Company's Obj. 1-2. The Company asserts that the appropriate legal standard for awarding attorney's fees is found in Rule 37(b)(2)(C), but, as noted, the relevant rule is Rule 37(a)(5)(A), which was applied by the magistrate judge.  Apr. 11, 2022 Order 10 (Doc. 94).

Rule 37(b) applies to sanctions for failure to comply with a court order, whereas Rule 37(a) applies to motions compelling discovery or disclosures and the consequences for failing to do so before a motion to compel is filed.  Further, contrary to the Company's assertion, a finding of bad

faith is not a prerequisite for the award of reasonable expenses under Rule 37(a)(5)(A). Although the magistrate judge's April 11, 2022 order does not expressly conclude that the Company's conduct was not substantially justified, it includes the appropriate legal standard, and such a determination is supported by and reasonably inferable from the magistrate judge's findings and reasons for granting the Motion to Compel.

Moreover, the party whose conduct necessitated the filing of a motion to compel discovery has the burden of showing that its actions were substantially justified. *Franch v. HP Locate, LLC*, No. 3:14-CV-3247-L, 2015 WL 7180733, at *1 (N.D. Tex. Nov. 16, 2015) (citation omitted). The Company acknowledges as much in its Objection, but it failed to meet its burden in this regard in responding to Defendant's request for attorney's fees. As the magistrate judge correctly noted, the Company in responding to Defendant's request for attorney's fees merely argued that Defendant's Motion to Compel was "meritless." Apr. 11, 2022 Order 11 (Doc. 94). In its Objection, the Company takes issue with this characterization, contending that it "opposed [Defendant's] Motion on *multiple* substantive bases, beyond the mere assertion that [the] Motion was 'meritless.'" The Company's Obj. 3, 7, 9, 13. According to the Company, "the record clearly proves otherwise"— that it did not just argue that Defendant's Motion to Compel was meritless, and that it, instead, relied on "its reasonable interpretation of well-established Fifth Circuit precedent as well as the Federal Rules of Civil Procedure." *Id.* at 13-14 (citing Docs. 79, 94, 104).

Of the documents referenced, only Document 79, the Company's response to Defendant's Motion to Compel, is relevant to the court's analysis. Notably, in its Objection, the Company uses the term "substantially justified" fifteen times, cites related case authority, and explains why it believes that its conduct was substantially justified. Virtually all of its entire fifteen-page Objection is dedicated to this issue. It argues for similar reasons that it acted in "good faith" or

had a "good faith basis" for not producing the discovery requested by Defendant and uses the term "good faith" seventeen times in its Objection.

In its response to Defendant's Motion, however, the Company never specifically argued that Defendant is not entitled to recover attorney's fees under Rule 37(a)(5)(A)(ii) because its nondisclosure, response, or objection to the discovery that Defendant previously requested and moved to compel was "substantially justified" or done in "good faith." Additionally, in addressing the specific issue of whether Defendant was entitled to recover attorney's fees, the Company merely responded in conclusory fashion as follows:

> **G. [Defendant] is Not Entitled to Attorneys' Fees.**
>
> Finally, [Defendant] is not entitled to his attorneys' fees in bringing this Motion. As analyzed above, [Defendant] has brought a meritless Motion to Compel, seeking documents that have no relevance to this litigation, and documents that have not been properly requested in discovery. Therefore, the Motion should be denied, and [Defendant] should not be awarded fees. *See Manufacturers Collection Co., LLC v. Precision Airmotive, LLC*, No. 3:12-CV-853-L, 2014 WL 2095367, at *4 (N.D. Tex. May 20, 2014).

The Company's Resp. 19 (Doc. 79).

The reference in this paragraph to the Company's entire response "[a]s analyzed above" and contention that Defendant's Motion to Compel is "meritless" was not specific enough to put the magistrate judge on notice that it was making the "substantially justified" argument it subsequently asserted for the first time in its Motion to Reconsider. As the Company did not previously argue in response to the Motion to Compel that Defendant is not entitled to recover attorney's fees under Rule 37(a)(5)(A) because its conduct and objections to the requested discovery were substantially justified, the court concludes that it **waived** this legal argument. *See Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the

magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge.").

Merely arguing in conclusory fashion that the Motion to Compel is meritless and citing *Manufacturers Collection Co., LLC v. Precision Airmotive, LLC* is likewise insufficient. Generally, issues not adequately briefed are waived. *Sindhi v. Raina*, 905 F.3d 327, 334 (5th Cir. 2018) (citing *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("[A] defendant waives an issue if he fails to adequately brief it.")); *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (citing *Burnley v. City of San Antonio*, 470 F.3d 189, 200 n.10 (5th Cir. 2006)). While the "issues-not-[adequately] briefed-are-waived rule" in these cases derives from the Federal Appellate Rules of Procedure, Local Civil Rule 7.1 similarly requires motions and responses to be "accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities." L.R. 7.1(d). Raising this issue in its Motion to Reconsider did not abrogate the waiver. *Brown v. Illinois Cent. R. Co., Inc.*, 480 F. App'x 753, 754 (5th Cir. 2010) (quoting *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration, however, are generally deemed to be waived.")).

### B.  Continued Failure to Comply with Local Rules

This is not the first time the Company has failed to comply with this District's Local Civil Rules ("Local Rules"). According to the magistrate judge's June 1, 2022 order, the Company failed to confer as required by Local Rule 7.1(e) before filing its Motion to Reconsider. The magistrate judge determined that this failure constituted an additional or alternate ground for denying the Company's Motion to Reconsider. *See* June 1, 2022 Order 3 & n.2 (Doc. 150). The court agrees.

Regarding its failure to confer as required by Local Rule 7.1, the Company asserts in a footnote that it did not believe it was required to confer again with Defendant before filing its Motion to Reconsider given the multiple times the parties previously conferred in connection with Defendant's Motion to Compel and were unable to reach agreement:

> In her Order, Magistrate Judge Toliver noted that "the Company failed to confer with Defendant before filing the motion . . . which constitutes additional grounds for denial of the motion". ECF No. 150 at 3. However, as indicated in the Company's Reply in Support of its Motion for Reconsideration, the parties met and conferred on multiple occasions and could not reach an agreement. ECF No. 112 at 2-3 The Company did not believe that the relief sought in its Motion for Reconsideration required further discussion. Further, the Company was asking the Court to reconsider its own decision and ruling. And, thus, the Company did not believe there was a basis to confer with him as to the reconsideration the Company is seeking from the Court.

The Company's Obj. 8 & n.7. This argument is not supported by the plain language of Local Rule 7.1 and is without merit.

Local Rule 7.1, applicable to motion practice states:

Unless specifically controlled by another local rule or otherwise directed by the presiding judge, motion practice is controlled by subsection (h) of this rule. In addition, the parties must comply with the following:

> **(a) Conference.** Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed. Conferences are not required for motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, motions for new trial, or when a conference is not possible.
>
> **(b) Certificate of Conference.**
>
> > (1) Each motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed.
> >
> > (2) If a motion is opposed, the certificate must state that a conference was held, indicate the date of conference and the identities of the attorneys conferring, and explain why agreement could not be reached.

>> (3) If a conference was not held, the certificate must explain why it was not possible to confer, in which event the motion will be presumed to be opposed.

L.R. 7.1(a)-(b). Subsection (h) of this rule includes a chart that identifies various types of motions and indicates with respect to each type of motion listed whether the motion must be accompanied by a brief and certificate of conference. Motions for reconsideration are not included in this list; however, the Note to subsection (h) makes clear that, "[i]f a motion is not listed, a brief and certificate of conference are required." L.R. 7.1(h).

Thus, the Company was required to confer with Defendant in accordance with Rule 7.1 regarding its Motion to Reconsider, and the parties' prior conferences regarding a separate but related motion (Defendant's Motion to Compel) did not relieve the Company from conferring with Defendant regarding its own subsequent Motion to Reconsider and including a certificate of conference in the motion that complied with Rule 7.1. Likewise, as Rule 7.1 includes no exception for when a party seeks reconsideration of a court order, this argument is specious at best.

The Local Rules are in place to facilitate the expeditious resolution of motions and litigation, and a party's failure to follow these rules often interferes with and hinders the court's ability to effectively manage its docket. Accordingly, a party's the failure to comply with these and other applicable rules is viewed with disfavor and is not without consequence, particularly when the party, counsel, or both have been put on notice.

The Company's failure here to adhere to the Local Rules is not limited to its failure to comply with Rule 7.1's conference requirements. Its Motion to Reconsider and reply brief are both more than 10 pages long, but neither includes a table of contents or table of authorities as required by Local Rule 7.2. In addition, the 60 pages of exhibits it relies on in support of its Motion to Reconsider are not included in an appendix that is sequentially numbered as required by Local

**Memorandum Opinion and Order – Page 9**

Rule 7.1, and its motion and brief do not include citations to each page of its appendix that support each assertion made. The Company, instead, simply cites to Exhibits 1 through 4.

The Company asserts that its Objection is filed in accordance with the court's May 6, 2022 order (Doc. 116).  The Company's Obj. 1 & n.2.  In this order, the court expressly warned that "[a]ny objections **must** . . . comply with all relevant local and federal procedural rules."  May 6, 2022 Order 2.  The Company's Objection, however, similarly fails to comply with Local Rules 7.2's and 72.1's requirements that briefs in excess of 10 pages in length include a table of contents or table of authorities.  Although the Company relies on 116 pages of various materials to support its Objection, it also failed to comply with the requirements in Local Rules 72.1, 7.1, and 7.2 for the numbering of and citations to appendices and, instead, simply cites to Exhibits A through H.

Thus, despite being put on notice by the magistrate judge and the undersigned, the Company has continued to flout the same Local Rules in these and other later filings.[4]  *See* Docs. 157, 157-1, 158, 158-1, 177, 177-1.  The Company is obviously aware of the requirements in Rules 7.1 and 7.2 because it followed them in filing its summary judgment brief and evidence.  *See* Docs. 164, 164-1.  The court, therefore, agrees with the magistrate judge that the Company's failure to comply with the Local Rules constitutes an additional and independent ground for denying its Motion to Reconsider.  The court similarly determines that the Company's continued failure to comply with the Local Rules is an additional basis for overruling its Objection under the circumstances.

### C. Discovery Rulings Supporting Attorney's Fees

The Company did not object to the magistrate judge's rulings regarding discovery issues. These rulings, however, support the magistrate judge's determination that Defendant was entitled

---

[4] The court will address this issue in more detail in a separate order.

**Memorandum Opinion and Order – Page 10**

to recover attorney's fees. In this regard, the magistrate judge expressly disagreed that Defendant's Motion to Compel was meritless "given that he prevailed on nearly all of the issues presented." Apr. 11, 2022 Order 11 (Doc. 94). Specifically, Defendant prevailed on all but one issue in his Motion to Compel.

The magistrate judge correctly determined that the Company's reason for not responding to discovery regarding damages (that discovery regarding this topic was ongoing and/or premature) was contrary to Federal Rule of Civil Procedure 26 and related case law. *Id.* at 5-6. While the court's scheduling order includes as deadline for expert designations, it does not state that the parties may delay disclosure of information regarding damages until expert reports are completed and exchanged. Thus, the Federal Rules of Civil Procedure applicable to discovery in general, as well as the information required to be disclosed early on without awaiting a discovery request under Rule 26(a)(1)(A) apply with equal force notwithstanding the deadlines in the court's current scheduling order for experts.

In addition, the Company previously contended, and continues to contend, that it was justified in not producing discovery regarding other topics based on its belief that the information sought was not relevant to the parties' claims or defenses. The magistrate judge disagreed. *Id.* at 6-9. The magistrate judge also determined that the Company could not "selectively respond to discovery requests by cherry-picking the documents they wish to produce and then assert that other, potentially responsive documents are irrelevant." June 1, 2022 Order 2-3 (Doc. 150). The magistrate judge further determined that the Company's contention regarding its inability to generate targeted reports was not supported by the evidence. *Id.* at 3.

These and the other rulings of the magistrate judge objected to by the Company are not clearly erroneous or contrary to law. Thus, even if the Company had not previously waived its new

"substantially justified" argument, these rulings by the magistrate judge support a finding that its objections to and refusal to produce the discovery at issue, before Defendant filed his Motion to Compel, was not substantially justified as required for it to avoid payment of attorney's fees under Rule 37(a)(5)(A)(ii).

### III. Conclusion

Accordingly, for all of these reasons, the court **overrules** the Company's Objection (Doc. 170) and **affirms** the magistrate judge's orders (Docs. 94, 150), dated April 11, 2022, and June 1, 2022, which granted in part Defendant's Motion to Compel Discovery Responses and for Attorneys' Fees and Costs (Doc. 68), and denied the Company's Motion for Partial Reconsideration of Order Granting Motion to Compel and Awarding Fees (Doc. 104). The court also **denies** the Company's Motion for Leave to File Reply in Support of Objection (Doc. 202), as the reason provided for seeking to file the reply would not change the court's ruling regarding the Objection.

**It is so ordered** this 6th day of January, 2023.

Sam A. Lindsay
United States District Judge