IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARCHITECTURAL GRANITE & MARBLE, LLC, | § § § | |
| PLAINTIFF/COUNTER-DEFENDANT | § § | |
| AND | § § | |
| SELECT INTERIOR CONCEPTS, INC., | § | CASE NO. 3:20-CV-295-L-BK |
| COUNTER-DEFENDANT, | § § § | |
| V. | § § | |
| PARMINDER PENTAL, | § § | |
| DEFENDANT/COUNTER-PLAINTIFF.[1] | § | |

**ORDER**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Referral*, Doc. 110, *Defendant/Counter-Plaintiff Parminder Pental's Motion for Attorneys' Fees*, Doc. 109, is before the undersigned magistrate judge for determination  For the reasons that follow, the motion is **GRANTED**.

**I.   PROCEDURAL HISTORY**

In April 2022, the Court granted, in large part, Defendant's *Motion to Compel Discovery Responses and for Attorneys' Fees and Costs* (the "Discovery Motion") and determined that Defendant was entitled to reimbursement of the reasonable attorneys' fees and expenses he incurred

---

[1] In the operative complaint, Doc. 40, Select Interior Concepts, Inc. ("SIC") is no longer included in the case caption or identified as a plaintiff in this case.  Instead, the complaint refers to Architectural Granite & Marble, LLC ("AGM") as the sole Plaintiff as will this order.  SIC nevertheless remains a counter-defendant with respect to Defendant's retaliation counterclaim.

in bringing the motion. Doc. 94. The undersigned subsequently denied Plaintiff's *Motion for Partial Reconsideration of Order Granting Motion to Compel and Awarding Fees*. Doc. 150. Plaintiff appealed the portion of the orders which found that an award of fees and costs was warranted. Doc. 170. The district judge, however, recently overruled Plaintiff's objections. Doc. 222 at 7. As such, the current motion is now ripe for consideration.

## II.    APPLICABLE LAW

The Court of Appeals for the Fifth Circuit employs a two-step process when determining an award of attorneys' fees. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (citation omitted). The first step is the "lodestar" calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (citation omitted). In evaluating the reasonableness of the number of hours claimed, courts "determine whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995). The party seeking attorneys' fees bears the burden of establishing the prevailing market rate for similar services. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

When calculating the lodestar, the district court should exclude hours that were not reasonably expended, for example, if the case was overstaffed or the hours were redundant or unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Following the calculation of the lodestar, the Court then must determine whether to adjust the fee on the basis of several factors which may be of significance in the case.[2] There is a strong presumption that the lodestar calculation represents the

---

[2] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). **Error! Main Document Only.**The *Johnson* factors consist of: "(1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the

reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (quotations omitted). The most critical factor in determining an attorney's fee award is the degree of success obtained. *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (quotations omitted).

### III.  PARTIES' ARGUMENTS

Defendant submits that five attorneys worked on this discovery dispute at various stages, leading to a total lodestar amount of $106,003.00. Doc. 109-1 at 7, Doc. 109-2 at 8. In his Declaration, which is supported with billing entries, lead counsel avers the following work was performed:

> (1) Lynne Bernabei billed 52.25 hours at a 2021 hourly rate of $570 and 2022 hourly rate of $580, for a total of $30,117.00. Mr. Bernabei avers that he has practiced law since 1977.
>
> (2) Alan Kabat billed 19.40 hours at a 2021 hourly rate of $525 and 2022 hourly rate of $535, for a total of $10,344.50. Mr. Kabat has been practicing law since 1998.
>
> (3) Kristen Sinisi billed 117.65 hours at a 2021 hourly rate of $385 and 2022 hourly rate of $390, for a total of $45,642.00. Ms. Sinisi has been practicing law since 2011.
>
> (4) Devin Wrigley billed 4.05 hours at a 2021 hourly rate of $315 and 2022 hourly rate of $325, for a total of $1,277.25. Ms. Wrigley has been practicing law since 2016.
>
> (5) Mikaela Phillips billed 61.80 hours at her 2021 hourly rate of $300 and 2022 hourly rate of $305, for a total of $18,622.25. Ms. Phillips has been practicing law since 2021.

Doc. 109-2 at 8. Defendant has voluntarily reduced his fee request by 15 percent and does not request fees for the time it took to prepare the instant motion or the Westlaw expenses incurred in conducting legal research for the discovery dispute. Doc. 109-1 at 6; Doc. 109-2 at 8. Additionally, the firm wrote off 5.1 hours of time as a courtesy discount, leading to a total of $90,102.55. Doc. 109-2 at 8 & n.1-2. Lead counsel avers that (1) the hourly rates requested are "fair, reasonable, and

---

circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation[,] and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Neither party suggests any adjustments are warranted based on the *Johnson* factors.

customary for the Northern District of Texas market" and are below the market rates generally charged in employment/civil rights matters in the Washington, D.C. metropolitan area, where the firm is located; and (2) "the hours expended were reasonable and necessary to achieve the results obtained, especially given the complexity of the discovery issues." Doc. 109-2 at 9.

Defendant also seeks an award of fees incurred by local counsel in the amount of $4,272.95, which similarly reflects a voluntary 15 percent reduction. Doc. 109-3 at 4. In his Declaration, which is supported with billing entries, local counsel avers the following work was performed:

> (1) Weining Bai for 6.30 hours at a 2022 hourly rate of $540, for a total of $3,402.00. Mr. Bai has been practicing law since 2016.
>
> (2) Patrick Yarborough for three hours at a 2021 hourly rate of $450, for a total of $1,350.00. Mr. Yarborough has been practicing law since 2012.
>
> (3) Paralegal Ruth Deres for one hour at a 2022 hourly rate of $275.

Doc. 109-3 at 3-5 (Decl. of Joseph Y. Ahmad). Mr. Ahmad also attests to the reasonableness of both lead counsels' and his own firm's hourly rates as well as the time expended. Doc. 109-3 at 2, 5-6.

Plaintiff opposes Defendant's motion on a number of grounds, arguing that (1) Defendant should only be awarded partial fees for the time spent in actually drafting the Discovery Motion, Doc. 138 at 3-4; (2) to the extent Defendant is entitled to fees beyond that, he has improperly included time spent on tasks such as identifying discovery deficiencies, drafting deficiency letters, and three meet-and-confer sessions, Doc. 138 at 4-6; (3) counsel's "fee chart" is unreliable because it contains block-billed and irrelevant entries, Doc. 138 at 6-8; and (4) the hourly rates charged are excessive, Doc. 138 at 8-9.

## IV.   ANALYSIS

### A.  Hourly Rates

Considering the complex nature of this case and the underlying discovery dispute, the Court finds that the hourly rates charged by all counsel, as well as local counsel's paralegal, are consistent

with the prevailing market rate for the Dallas-Fort Worth legal community. While some of the rates are on the higher end of those typically seen in the area, they are reasonable given the attorneys' and paralegal's experience. *See, e.g.*, *Michaels Stores Procurement Co., Inc. v. DMR Constr., Inc.*, No. 3:18-CV-1436-B, 2019 WL 399074, at *2 (N.D. Tex. Jan. 31, 2019) (Boyle, J.) (finding rates between $375-675 for attorneys and $225 for paralegals to be reasonable); *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906-07 (E.D. Tex. 2017) (approving hourly rates between $600-860 for partners, $450-631 for associates, and $150-275 for staff and noting rates on the higher end of the spectrum may be reasonable given the nature of the representation).

    B. *Nature of Hours Billed*

The Court first considers the appropriate scope of the fee award. Under Rule 37 of the Federal Rules of Civil Procedure, a fee award may be made to "pay the movant's reasonable expenses incurred in making the [discovery] motion." FED. R. CIV. P. 37(a)(5)(A). To that end, a party "can only be held responsible for the reasonable expenses [including attorney's fees] caused by their failure to comply with discovery." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Chapman & Cole & CCP, Ltd. v. Itel Container Int'l B.V.*, 865 F.2d 676, 687 (5th Cir. 1989)). Courts typically do not include in fee awards the time a party spent initially reviewing discovery responses, and, indeed, Defendant does not request such fees. Doc. 109-1 at 5; *see Tollett*, 285 F.3d at 368 ("Obviously, the fees incurred for the underlying discovery requests were not caused by any failure to comply. Discovery dispute or no, those fees would have been incurred.").

Other tasks performed in the lead-up to Defendant's filing the Discovery Motion, however, are recoverable. *See Janvey v. Alguire*, No. 3:09-CV-724-N-BQ, 2019 WL 13075953, at *3 (N.D. Tex. Feb. 6, 2019) (Bryant, J.) (awarding fees incurred in reviewing party's discovery responses in connection with preparing a meet and confer letter); *Richmond v. SW Closeouts, Inc.*, No. 3:14-CV-4298-K, 2016 WL 4368305, at *4 (N.D. Tex. Aug. 16, 2016) (Horan, J.) (awarding fees for time

5

spent drafting, editing, and filing a motion to compel as well as correspondence with opposing counsel regarding the discovery); *McAfee v. Schneider Nat'l Carriers, Inc.*, No. 3:14-CV-1500-P, 2015 WL 9319178, at *4 (N.D. Tex. Dec. 23, 2015) (Horan, J.) (awarding fees for time spent contacting the opposing party regarding discovery requests).  The Court will more closely parse fees relating to the specific tasks *infra*.

### C. Reasonableness of Hours Billed

Plaintiff challenges numerous billing entries as impermissibly block-billed and not sufficiently related to the Discovery Motion. Doc. 138 at 6-7.  "The term 'block billing' refers to the disfavored 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *4 n.5 (N.D. Tex. July 1, 2015) (Fitzwater, J.) (quotation and citation omitted).  The practice "prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended." *Id.* (citation omitted).

That is not, however, a concern in this case.  The Court has carefully reviewed each of the particular billing entries to which Plaintiff points and, while various entries are block-billed, the tasks listed plainly relate to the Discovery Motion.  Moreover, the entries that pertain to Defendant's expert are recoverable because Defendant used the expert's declaration in support of the Discovery Motion. *See* Doc. 68-2 at 35-69.  Additionally, counsel reduced their requested hours by 15 percent in the exercise of billing discretion to account for Plaintiff's one meritorious argument in defending the Discovery Motion and disputes resolved through correspondence with counsel.  Defendant also declined to seek reimbursement of his legal research costs.  No further reduction is warranted. *Cf. Bramlett v. Med. Protective Co. of Fort Wayne*, No. 3:09-CV-1596-D, 2010 WL 3294248, at *3-4 (N.D. Tex. Aug. 20, 2010) (Fitzwater, C.J.) (reducing the fee award by 25% because counsel's

"affidavit provide[d] no more than block-billed entries with general descriptions of activities relating to successive phases of the litigation," included "substantial blocks of time, listing multiple activities for those blocks of time," and "[did] not specify the time per legal service rendered or the date on which the service was rendered.").

The Court recognizes that Plaintiff was entitled to zealously litigate the parties' discovery disputes and did so. However, the end result of that strategy increased each side's costs, and the undersigned must account for such practices when determining the reasonableness of Defendant's counsel's time billed. See *Serna v. L. Off. of Joseph Onwuteaka, PC*, No. 4:11-CV-3034, 2014 WL 3749652, at *7 (S.D. Tex. July 29, 2014) ("[C]ounsel cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing party] in response.") (citation omitted). Accordingly, Defendant is entitled to an award of attorneys' fees in full.

## V. CONCLUSION

For the foregoing reasons, *Defendant/Counter-Plaintiff Parminder Pental's Motion for Attorneys' Fees*, Doc. 109, is **GRANTED**. Plaintiff is **ORDERED** to pay to Defendant, within 21 days of the date of this Order, attorneys' fees in the total amount of $94,375.50.

**SO ORDERED** on January 19, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE